UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Jennifer M. Tietz, | File No. 26-cv-53 (ECT/DTS) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Hennepin County Human Services; Galadriel Ingram, *in her individual and official capacities*; Nancy Applebaum, *Guardian ad Litem, in her individual capacity*; and Rebecca Hanscom, *Hennepin County Juvenile County Attorney, in her individual and official capacities*, | |
| Defendants. | |

This matter is before the Court on Plaintiff Jennifer M. Tietz's Complaint for Violation of Civil Rights [ECF Nos. 1 and 1-1] and Application to Proceed *In Forma Pauperis* [ECF No. 2 ("IFP Application")]. For the following reasons, this action will be dismissed and Tietz's IFP Application will be denied as moot.

I

Tietz sues under 42 U.S.C. § 1983, alleging constitutional violations during child-protection proceedings in Hennepin County, Minnesota. *See* Compl. [ECF No. 1-1] at 2–3. Tietz claims custodial rights over her minor siblings after their mother's death in July 2023. *Id.* ¶¶ 1, 10, 14. She contends that Hennepin County officials lacked authority to assume jurisdiction over custody proceedings and contradicted another county's determinations. *Id.* ¶ 13.

Tietz alleges that on June 21, 2023, she tried to pick up her minor siblings in Hastings, Minnesota, and requested police assistance "to avoid conflict." *Id.* ¶¶ 10–11.[1] An officer refused to let Tietz take the children, based on information from Defendant Galadriel Ingram, identified as a "Hennepin County CPS worker." *Id.* ¶¶ 3, 11–12. Ingram reportedly told the officer that Hennepin County had placed a "hold" on the children and that a court hearing was scheduled for the next day. *See id.* ¶ 12. Tietz alleges no hearing occurred and that she received no notice of an emergency custody order. *Id.*

On June 28, 2023, Tietz appeared at a hearing in Hennepin County Juvenile Court concerning allegations against her mother. *Id.* ¶ 13. Tietz asserts "[t]hese allegations [had already been] screened out by Anoka County," presumably meaning they were deemed unsubstantiated. *Id.*[2] Consequently, Tietz suggests Hennepin County lacked jurisdiction but proceeded with the child-protection case. *See id.* Tietz states that after her mother died in July 2023, she became the children's only legal parent or guardian. *Id.* ¶ 14.

Tietz alleges procedural irregularities and the deprivation of her parental rights throughout the state-court proceedings. *See id.* ¶¶ 15–23. She claims her court-appointed attorney "pressured" her into surrendering her "parental rights," causing her to discharge that attorney for inadequate representation. *Id.* ¶ 15. After reviewing the case file, Tietz allegedly found documents indicating Hennepin County "initiated and continued [child-

---

[1]  The source of this foreseen "conflict" is not explained.

[2]  The Complaint does not provide state-court case numbers for any of the relevant proceedings.

2

protection] proceedings without jurisdiction," and made determinations contrary to earlier findings by Anoka County. *Id.* ¶ 16.

The Complaint further states that at a juvenile court trial, a judge found that Hennepin County failed to provide "reasonable reunification efforts." *Id.* ¶ 17. At a later hearing, the judge allegedly ordered the County to provide Tietz "full discovery" and access to certain "school and medical records," and "acknowledged that [Tietz's] parental rights remained intact." *Id.* ¶ 18. Despite this order, Hennepin County officials allegedly "withheld discovery" for about a year and denied Tietz access to certain "records, communication, and visitation." *Id.* ¶ 19. Tietz received partial school records in May 2025, but the records "only extended through October 2025." *Id.* ¶ 20. She claims she was also excluded from one child's special-education (IEP) planning despite her parental status. *Id.*

Tietz asserts she fully complied with her case plan throughout this period. *Id.* ¶ 21. Under this plan, she successfully completed a home assessment, completed "[t]wo years of parenting education," took a drug test, underwent psychological evaluations, and attended multiple meetings with unspecified "department" officials. *Id.* In return, Hennepin County allegedly failed to meet with her, provide "required services" or "mandated financial assistance," or fulfill its obligations to facilitate reunification. *Id.* ¶ 22; *see id.* ¶ 23. Consequently, Tietz and the children allegedly remain separated without justification, causing ongoing interference with her custodial relationship and parental rights. *See id.* ¶ 23.

The Complaint names four defendants. Aside from Ingram (sued in her individual and official capacities), these include Hennepin County Human Services; Nancy Applebaum, a Guardian ad Litem "appointed in the Hennepin County juvenile case"; and Rebecca Hanscom, "a Hennepin County Juvenile County Attorney" who worked on the same matter. *Id.* ¶¶ 2–5.[3] The Complaint suggests five causes of action: (1) violation of Tietz's right to familial integrity (invoking substantive due process); (2) denial of procedural due process; (3) unreasonable seizure of the children (invoking the Fourth Amendment); (4) denial of equal protection; and (5) *Monell* municipal liability[4] against Hennepin County for an unconstitutional policy, custom, or practice. *Id.* ¶¶ 24–31.

Tietz seeks various forms of injunctive relief, including the children's immediate return to her custody, dismissal or transfer of "all Hennepin County Juvenile Court proceedings," and orders for record access and to stop alleged unconstitutional practices. *Id.* at 4. She also seeks compensatory and punitive damages, "[d]eclaratory relief stating that Defendants violated [Tietz's] constitutional rights," attorneys' fees and costs, and "[a]ny additional relief the Court deems just and proper." *Id.* at 4.[5]

---

[3]   Applebaum is sued in her individual capacity only; Hanscom is sued in her individual and official capacities. Compl. at 1.

[4]   *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

[5]   Neither the causes of action nor the requested relief distinguish at all between the various Defendants; in other words, all Defendants are purportedly targeted by all five causes of action, and are being sued for all requested forms of relief. *See* Compl. at 3–4.

II

Rather than pay this action's filing fee, Tietz submitted the IFP Application. That filing suggests that, as a financial matter, Tietz may well qualify for *in forma pauperis* ("IFP") status here. But under the federal statute governing IFP proceedings, "the court shall dismiss [an IFP proceeding] at any time if the court determines that . . . the action . . . is frivolous[,] [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also, e.g.*, *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992) (citing *Neitzke*). As relevant here, courts in this District regularly dismiss complaints as factually frivolous when they do not allege how a defendant's actions establish liability. *See, e.g.*, *Logering v. Morrison Cnty. Sheriff's Dep't*, No. 23-cv-0177 (JWB/LIB), 2023 WL 3276515, at *4 (D. Minn. May 5, 2023) (citing cases), *aff'd*, No. 23-2376, 2023 WL 8713781 (8th Cir. Dec. 18, 2023).

III

The Complaint lacks any specific allegations regarding the conduct of Defendants Nancy Applebaum and Rebecca Hanscom; it therefore fails to explain what these Defendants did or did not do to establish liability to Tietz. The Court therefore dismisses the Complaint without prejudice, as frivolous, to the extent it brings claims against Applebaum and Hanscom.

IV

The Complaint specifically asks to "dismiss[]" or "transfer" certain Hennepin County Juvenile Court proceedings. This is construed to mean state-court proceedings are ongoing. If they were not, dismissal or transfer would be unnecessary. This raises the issue of *Younger* abstention.[6]

The *Younger* doctrine mandates federal abstention from interfering in certain ongoing state proceedings. *See, e.g.*, *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (citing cases). The Eighth Circuit uses "a three-part inquiry" to determine when *Younger* abstention applies:

> First, does the underlying state proceeding fall within one of the three "exceptional circumstances" where *Younger* abstention is appropriate? Second, if the underlying proceeding fits within a *Younger* category, does the state proceeding satisfy what are known as the "*Middlesex*" factors?[7] And third, even if the underlying state proceeding satisfies the first two inquiries, is abstention nevertheless inappropriate because an exception to abstention applies?

*Wassef v. Tibben*, 68 F.4th 1083, 1087 (8th Cir. 2023) (quoting *375 Slane Chapel Rd., LLC v. Stone County*, 53 F.4th 1122, 1127 (8th Cir. 2022)); *see also Auleciems v. Township of West Lakeland*, No. 24-cv-1661 (KMM/DJF), 2025 WL 509188, at *7–8 (D. Minn. Feb. 14, 2025) (quoting *Wassef*), *aff'd*, No. 25-1387, 2025 WL 3062719 (8th Cir. Nov. 3, 2025).

---

[6] *Younger v. Harris*, 401 U.S. 37 (1971). A district court can consider issues of *Younger* abstention *sua sponte*. *See, e.g.*, *Geier v. Mo. Ethics Comm'n*, 715 F.3d 674, 676 (8th Cir. 2013) (affirming district-court dismissal based on *sua sponte* consideration of *Younger* abstention).

[7] *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423 (1982).

All three elements are met here.  First, the three "exceptional circumstances" mentioned in *Wassef* are (1) ongoing state criminal prosecutions; (2) certain quasi-criminal civil enforcement proceedings, typically state-initiated proceedings to sanction wrongdoing; and (3) civil proceedings implicating a state court's judicial functions.  *See, e.g.*, *Sprint Commc'ns*, 571 U.S. at 72 (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 367–68 (1989)); *Wassef*, 68 F.4th at 1087 (quoting *Sprint Commc'ns*).  The Hennepin County proceedings concerning Tietz fall within the second category.  Child-protection cases are routinely treated as quasi-criminal enforcement actions: they are initiated by the state, prosecuted by county attorneys, and enforce child-welfare laws through orders that can curtail parental rights.  *See, e.g.*, *Oglala Sioux Tribe v. Fleming*, 904 F.3d 603, 610 (8th Cir. 2018); *Rubbelke v. Zarembinski*, No. 23-cv-0707 (PJS/ECW), 2023 WL 3094371, at *2 (D. Minn. Apr. 26, 2023) (collecting cases applying *Younger* abstention in circumstances involving state family-court proceedings).

The next consideration is whether the state proceeding meets the *Middlesex* factors.  These are straightforward: (1) there must be an ongoing state judicial proceeding at the time the federal action is filed; (2) the proceeding must implicate important state interests; and (3) the state proceeding must provide an adequate opportunity to raise federal constitutional challenges.  *Middlesex Cnty. Ethics Comm'n*, 457 U.S. at 432; *accord Wassef v. Tibben*, 68 F.4th at 1088 (quoting *Minn. Living Assistance, Inc. v. Peterson*, 899 F.3d 548, 553 (8th Cir. 2018)).  There is no serious question that these factors favor abstention here.

Finally, no exception to *Younger* abstention applies. The Complaint lacks plausible allegations that "the pending state action was brought in bad faith or for the purpose of [harassment]," or that other "extraordinary circumstances" make abstention inappropriate. *Trainor v. Hernandez*, 431 U.S. 434, 446–47 (1977); *see also, e.g.*, *Juidice v. Vail*, 430 U.S. 327, 338 (1977) (noting *Younger*-abstention exception where "state proceeding is motivated by a desire to harass or is conducted in bad faith" (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975))).

Ordinarily, *Younger* requires *dismissing* claims for declaratory and injunctive relief and *staying* damages claims until the relevant state case ends. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996). But this case fits a narrow exception where dismissing damages claims is appropriate. Under binding precedent, a federal court may dismiss damages claims under *Younger* when they are so bound up with the state proceeding that awarding damages would effectively declare the state process or result unconstitutional. *See Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 115–16 (1981). The Eighth Circuit applied this principle in *Amerson v. Iowa*, affirming dismissal of both equitable and monetary claims because damages could not be awarded "without first declaring unconstitutional a state court judgment on a matter firmly committed to the states." 94 F.3d 510, 512–13 (8th Cir. 1996).

Following *Amerson*, Minnesota district courts have dismissed damages claims in § 1983 suits challenging ongoing state-court proceedings when those claims depend on undermining state-court rulings. *See, e.g.*, *Guertin v. Hennepin County*, No. 24-cv-2646 (JRT/DLM), 2024 WL 4355087, at *3 (D. Minn. Sep. 30, 2024) (citing *Amerson*); *Carlson*

*v. County of Ramsey*, No. 16-cv-765 (SRN/BRT), 2016 WL 3352196, at *6 n.3 (D. Minn. June 15, 2016) (same), *aff'd*, 673 F. App'x 601 (8th Cir. 2017).  That is the case here. Tietz's damages claims could not prevail without undercutting rulings in the ongoing state proceedings.  The Court therefore dismisses all remaining claims—for all forms of relief—based on *Younger* abstention.

Based on the discussion above, the Court dismisses this action in its entirety.  As a result, the Court also denies the IFP Application and the motion for a temporary restraining order and preliminary injunction as moot.

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Plaintiff Jennifer M. Tietz's Complaint for Violation of Civil Rights [ECF Nos. 1 and 1-1] is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2), as frivolous, to the extent it purports to bring claims against Defendants Nancy Applebaum and Rebecca Hanscom.

2. The remainder of this action is **DISMISSED WITHOUT PREJUDICE** based on application of *Younger* abstention.

3. Tietz's Application to Proceed *In Forma Pauperis* [ECF No. 2] is **DENIED AS MOOT**.

4. Tietz's Motion for Temporary Restraining Order and Preliminary Injunction [ECF No. 3] is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 9, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court